UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:13-CV-1462 NAB ) |
| X-L CONTRACTING, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant X-L Contracting, Inc.'s Motions to File Counterclaim and File Third-Party Complaints, to Consolidate Complaints, or in the alternative to Add Necessary Parties. [Doc. 34.] Plaintiffs and Movants[1] have filed memoranda in opposition to Defendant's Motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, the Court will deny Defendant's motions.

**I.     Background**

Plaintiffs filed this action against Defendant seeking an accounting and payment for contributions due under a plan subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. After an audit, the Defendant filed the instant motion

---

[1] The Court has granted Greater St. Louis Construction Laborers Welfare Fund, Brandon Flinn, Raymond Linehan, John Eremita, Charles Bean, Donald Willey, Gary Elliott, Jay Schulthenrich, David Gillick, Brad Grant, Michael Lutz, Adam Knoebel, and Norman Merlo, Construction Laborers Pension Trust of Greater St. Louis, Jeffrey O'Connell, Richard McLaughlin, John Eremita, Charles Bean, Donald Willey, Gary Elliott, Joseph W. Beetz, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and Donald Grant, St. Louis Vacation Fund – Vacation Plan, Gary Elliott, Brandon Flinn, Jay Schulthenrich, Norman Merlo, John Eremita, and William L. Luth, AGC – Eastern Missouri Laborers Joint Training Fund, Larry Bloomer, Donald Willey, Perri Pryor, Phil Hocher, Gary Elliott, Richard McGuire, Brandon Flinn, John B. Morgan, Robert J. Wesolich, Francis R. Wojehowski, Cliff Land and John J. Smith, Sr., and Local Unions Nos. 42, 53 and 110, Laborers International Union of North America, AFL-CIO leave to appear for the limited purpose of opposing Defendant's motion.

asserting its belief that it mistakenly paid contributions due to Plaintiffs to Movants. The Movants recently initiated an action against Defendant, in *Greater St. Louis Construction Laborers Welfare Fund, et al. v. X-L Contracting, Inc.*, 4:14-CV-946 SPM. In the other action, Movants request a financial examination or accounting, payment of past due contributions, and injunctive relief due to failure to maintain a surety bond pursuant to ERISA.

## II.     Discussion

### A.     Motion to Amend Pleadings/File Counterclaim

Defendant seeks leave to amend its Answer and file a counterclaim against Plaintiffs. In support of its motion, Defendant states that after receiving the results of a June 2014 audit from Plaintiffs, Defendant "discovered" that it may have paid Movants contributions due to Plaintiffs. Plaintiffs oppose the motion as untimely and substantively barred.

"A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A pleading must state as a counterclaim any claim that-at the time of its service- the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). "A pleading may also state a counterclaim against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(b). "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e).

Based on Defendant's reasoning for amending its pleading and filing a counterclaim, the Court will deny this motion. Defendant did not provide a copy of its proposed amended

pleading. It is unclear what substantive claims the Defendant seeks to bring against Plaintiffs. Defendant's motion asserts that it believes it paid money owed to the Plaintiffs to the Movants. This situation would not support a claim against Plaintiffs in the form of a counterclaim. Therefore, this motion is denied.

### B. Motion for Joinder and Consolidation

Next, Defendant asks the Court to "join and combine" this action with the action Movants have filed against Defendant (4:14-CV-946 SPM) based upon Federal Rules of Civil Procedure 18 and 42 and or alternatively join Movant Greater St. Louis Construction Laborers Welfare Fund to this action pursuant to Rule 19. The Court will deny the motions.

"If actions before the court involve a common question of law or fact, the court may: (1) join for a hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Defendant has not demonstrated to the Court that these cases involve a common question of law or fact that would justify consolidating these cases. The only common issue is that Plaintiffs and Movants, who have separate contracting obligations with Defendant, have both sued Defendant for an accounting and unpaid contributions. Other than that, the cases have nothing to do with each other. Based on the reasoning provided by Defendant, any ERISA collective actions could be consolidated. The fact that Defendant suspects it may have mistakenly paid Movant contributions due to Plaintiffs does not change the unique substantive nature of each case.

Further, Defendant's motion to join Movant Greater St. Louis Construction Laborers Welfare Fund to this action pursuant to Rule 19 will also be denied for the same reasons. A person must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). A person is also a necessary party if

the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(B). "Rule 19 provides for the joinder of parties who should or must take part in the litigation to achieve a just adjudication." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). "This determination is made on a case-by-case basis and is dependent on the facts of the case. When considering Rule 19(a), the Court bases its decision on the pleadings as they appear at the time of the proposed joinder." *Yankee Supply Co. v. Steven Cox, Inc.*, No. 4:06-CV-1643 JCH, 2007 WL 892416 at *2 (Mar. 22, 2007) (internal citations omitted).

Movant Greater St. Louis Construction Laborers Welfare Fund is not a necessary party to this action, because there is no reason that complete relief cannot be accorded among the existing parties in this action. Furthermore, Movant Greater St. Louis Construction Laborers Welfare Fund does not claim an interest relating to the subject of this action.

    **C.**     **Third-Party Complaint**

Defendant requested that the Court allow it to file a third-party complaint. Defendant did not cite to any case law or authority to support filing a third-party complaint. A defendant may, "as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. 14(a)(1). "The third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

> A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. The secondary or

> derivative liability notion is central and thus impleader has
> been successfully utilized when the basis of the third-party
> claim is indemnity, subrogation, contribution, express or
> implied warranty, or some other theory.

Federal Practice and Procedure § 1446 (3d ed.) "Simply put, Rule 14 does not allow a third-party complaint to be based on a defendant's independent cause of action against a third-party defendant. A third-party complaint must be found on a third-party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Connell Bros. Co. Ltd. v. Gannon Int'l., Ltd.*, No. 4:10-CV-1795 CEJ, 2011 WL 2433356 at *2 (E.D. Mo. June 16, 2011).

The court does not believe Rule 14 can be used to add any of the Movants to this action. Defendant's allegations only demonstrate that it may have paid money intended for one group of entities to another group of entities. Certainly, the Movants are not liable to Defendant for any money Defendant owed to Plaintiffs and mistakenly paid to Movants. The motion for leave to file a third-party complaint is denied.

**III. Conclusion**

Based on the foregoing, the Court finds that Defendant's Motions to File Counterclaim and File Third-Party Complaints, to Consolidate Complaints, or in the alternative to Add Necessary Parties lack merit and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to File Counterclaim and File Third-Party Complaints, to Consolidate Complaints, or in the alternative to Add Necessary Parties are **DENIED**. [Doc. 34.]

**IT IS FURTHER ORDERED** that the hearing currently set for August 4, 2014 at 9:30 a.m. is **CANCELLED**.

**IT IS FURTHER ORDERED** that the Case Management Order of May 15, 2014 is **AMENDED** as follows:

Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than **August 25, 2014**. Opposition briefs shall be filed no later than **September 24, 2014** and any reply brief may be filed no later than **October 8, 2014**.

Dated this 1st day of August, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE